# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

MELVIN CARR,                       )
                                   )
    Plaintiff,                 )
                                   )
v.                                 )   Case No.  CV409-187
                                   )
UNITED STATES POSTAL SERVICE,      )
                                   )
    Defendant.                 )

# **REPORT AND RECOMMENDATION**

The United States Postal Service moves under Fed. R. Civ. P. 12(b)(1) & 12(b)(6) to dismiss *pro se* plaintiff Melvin Carr's Federal Employees' Compensation Act ("FECA") complaint[1] against it, claiming that the Court lacks subject matter jurisdiction and that Carr fails to state a claim. Doc. 6. Carr has filed no response, so the motion is unopposed under Local Rule 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

Carr, a postal worker, was injured on the job and initially granted FECA workers compensation benefits, but the Postal Service later cut

---

[1] *See* 5 U.S.C. §§ 8101 *et seq.*

him off after determining that he could, but refused, to work. Doc. 1-2 at 5-7 (U.S. Department of Labor's Administrative Decision, attached to Carr's state court complaint). Carr thus sued in state court, and the United States removed the case to this Court. Doc. 1.

"FECA is the exclusive remedy for work-related injuries sustained by federal employees." *Votteler v. United States*, 904 F.2d 128, 130 (2d Cir. 1990) (citation omitted); *Mathirampuzha v. Potter*, 548 F.3d 70, 80 (2nd Cir. 2008) (footnotes omitted) (same); *see* 5 U.S.C. § 8116(c). FECA expressly covers postal employees. 39 U.S.C. § 1005(c). It also limits the right to sue:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is *exclusive* and *instead* of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c) (emphasis added).

Thus, Carr's remedy is limited to the FECA statutory scheme. *Mathirampuzha*, 548 F.3d at 80-81. And that scheme expressly insulates

2

administrative decisions from judicial review. *See, e.g., Smith v. Nicholson*, 287 F. App'x 402, 403-05 (5th Cir. 2008) (Secretary of Labor's disallowance of federal employee's claim under FECA for insufficient evidence constituted a determination that employee's injuries were covered by FECA, thus precluding district court from exercising jurisdiction over employee's separate Privacy Act claim); *Pritchett v. Johnson*, 402 F. Supp. 2d 808, 817-18 (E.D. Mich. 2005). Hence, the Court lacks jurisdiction over the matter.

Carr has failed to allege any other legal basis to sue the Postal Service. Accordingly, his case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this __12th__ day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA